IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DARNEY DUNN, | ) | CASE NO. 1:11 CV 2075 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| JOHN D. CLUNK, et al., | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

**Introduction**

This case was removed from the Cuyahoga County Court of Common Pleas on September 30, 2011 by Defendants John D. Clunk, the Cuyahoga County Sheriff's Department and the Cuyahoga County Clerk of Court. The underlying case was filed by Plaintiff *pro se* Darney Dunn, with captioned claims under 42 U.S.C. §§ 1983, 1985, 1986, and for "Fraud, Mail Fraud, Security Fraud" and "Savings to Suitor Claus 'within the Admiralty.'" The action arises out of the filing of a foreclosure case pertaining to Plaintiff's property. The Cuyahoga County Common Pleas Court Docket in Case No. CV-08-677069 shows that foreclosure on the property was granted to Deutsche Bank, represented by Defendant Clunk, on June 18, 2010. The property was sold at auction, and the sale was confirmed on December 29, 2010.

While *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court may dismiss an action *sua sponte* if the complaint is so "implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion" as to deprive the court of jurisdiction. *Apple v. Glenn*, 183

F.3d 477, 479 (6th Cir. 1999)(citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). For the following reasons, the Court finds that the claims asserted in this action satisfy these criteria.

## Rooker-Feldman Doctrine

As a threshold matter, this Court cannot void the judgment of foreclosure. Federal district courts do not have jurisdiction over challenges to state court decisions even if those challenges allege that the State court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n. 16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under this principle, generally referred to as the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994). Federal jurisdiction cannot be invoked merely by couching the claims in terms of a civil rights action. *Lavrack v. City of Oak* Park, No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept. 28, 1999); *see Valenti v. Mitchell*, 962 F.2d 288, 296 (3d Cir.1992).

The United States Sixth Circuit Court of Appeals has applied two elements to a Rooker-Feldman analysis. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998); *see Tropf v. Fidelity National Title Insurance Co.*, 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive

the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293. The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles v. Granville*, 448 F.3d 853, 857-59 (6th Cir. 2006). Second, the Rooker-Feldman doctrine precludes a district court's jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiffs' particular case as opposed to a general constitutional challenge to the state law applied in the state action. *Id.*

In the present action, Plaintiff essentially questions the state court's decision granting a foreclosure and sale. Any review of federal claims asserted in this context would require the Court to review the specific issues addressed in the state court proceedings against him. This Court lacks subject matter jurisdiction to conduct such a review or grant the relief as requested. *Feldman*, 460 U.S. at 483-84 n. 16; *Catz*, 142 F.3d at 293.

### Constitutional Claims

In *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), the Supreme Court stated that "the initial inquiry [in a section 1983 action] must focus on whether the two essential elements ... are present: (1) whether the conduct complained of was committed by a person acting under color of State law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." The person acting under color of law is usually a state or local government official or employee. *Doyle v. Schumann*, 2008 WL 397588 * 3 (N.D. Ohio, Feb. 11, 2008). A plaintiff does not have a cause of action under § 1983 against a private party no matter how discriminatory or wrongful the party's conduct. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003)(citing *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). Therefore,

3

Plaintiff has no cause of action against the Defendant Clunk, clearly a private party, under § 1983.

Further, the constitutionally based claims against Defendants Cuyahoga County Sheriff and Cuyahoga County County Clerk of Court are entirely conclusory, and therefore fail to state a claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief).

Plaintiff includes a cause of action for conspiracy to deny equal protection of the laws. The second portion of 42 U.S.C. § 1985(2) provides:

> [O]r if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws ..."

To prove a cause of action under 42 U.S.C. § 1985(2), a plaintiff must show the existence of a conspiracy among two or more persons. *Azar v. Conley,* 456 F.2d 1382, 1384 (6th Cir.1972). In addition, there must be allegations of racial discrimination or otherwise class-based, invidiously discriminatory animus behind the conspirators' action. *Kush v. Rutledge*, 460 U.S. 719, 725 (1983). Plaintiff has not set forth allegations reasonably suggesting any such discrimination.

In order to state a claim under 42 U.S.C. § 1985(3) a plaintiff must prove: 1) a conspiracy involving two or more persons; 2) for the purpose of depriving, directly or indirectly, a person or class of persons the equal protection of the law; and, 3) an act in furtherance of that conspiracy, 4) that causes injury to person or property, or a deprivation of a right or privilege of a United States citizen. *Smith v. Thornburg,* 136 F.3d 1070, 1090 (6th Cir.1998). The conspiracy must be motivated by racial, or other class based animus. *Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263,

4

268, (1993). Again, there are no allegations in the Complaint reasonably suggesting such race or other classed based discrimination.

A claim under 42 U.S.C. § 1986 is dependent on a valid claim pursuant to 42 U.S.C. § 1985. *Bass v. Robinson*, 167 F.3d 1041, 1051 n. 5 (6th Cir. 1999). Because the Court has dismissed the claims under §§ 1985(2) and (3), Plaintiff cannot prevail under § 1986.[1]

## Common Law Claims

Finally, insofar as Plaintiff seeks to bring common law claims for relief,[2] the Complaint also fails to state a claim upon which relief can be granted. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are

---

[1] The Complaint also seeks to bring constitutional claims under 18 U.S.C. §§ 241 and 242. These are criminal statutes, however, for which there is no private cause of action..

[2] The body of the Complaint contains counts for Refusing or Neglecting to Prevent, Malicious Abuse of Process, and Intentional Infliction of Emotional Distress.

"merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*

Even liberally construed, the Complaint does not contain allegations which arguably support the common law legal theories Plaintiff asserts.

## Conclusion

Accordingly, this action is dismissed with prejudice. Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                          */s/Dan Aaron Polster 10/7/11*
                                          DAN AARON POLSTER
                                          UNITED STATES DISTRICT JUDGE